JOHN WALLACE
v.
ALFRED D. BUCKINGHAM.

*Master and Servant—Services Rendered—Recovery for—Partnership
—Evidence.*

In an action for the recovery of compensation for the services of the
plaintiff and his minor son, rendered in connection with the purchase and
shipment of stock, this court declines, in view of the evidence, which is
sharply conflicting, to interfere with the verdict in his behalf.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Woodford County; the
Hon. N. W. GREEN, Judge, presiding.

Messrs. W. L. ELWOOD and GEORGE P. GILL, for appellant.

Messrs. BARNES & BARNES, for appellee.

UPTON, P. J.   This was an action in assumpsit brought by
appellee against appellant to recover for the services of him-
self and his minor son, performed for the appellant in and
about his business as a purchaser and shipper of stock.   The
declaration contained the common counts only.   Appellant
pleaded the general issue, set-off, and that the service was
rendered under a special agreement by which appellee was to
receive a share of the profits of the business (but what share
or part was not specified), and in case the business proved
unprofitable, he was to receive nothing.

The cause was submitted to a jury and a verdict was ren-
dered in favor of the appellee for $411.50, upon which
the court below rendered judgment.   From this judgment
defendant below appeals to this court and insists that the
judgment is not supported by the testimony heard on the
trial of the case.   No other question is presented for our
consideration upon this record, and the only point urged by

Wallace v. Buckingham.

counsel for appellant is, that the verdict and judgment is against the weight of the evidence. There is a sharp conflict in the evidence, and it can not be reconciled. The evidence of the appellant seems to be somewhat corroborated by that of two or three other witnesses, Black, Peachy and Hewitt, as to casual declarations claimed to have been made by appellee in their presence. The evidence of the appellee positively controverted the appellant's evidence in whole and in part in the main points of the contention, and this evidence was strongly corroborated by other circumstances in evidence in the case. It was entirely a question of fact, and one peculiarly within the province of the jury to determine, and after a careful examination of the record, we are unable to say the jury were not justified in the verdict rendered. It was their peculiar province to judge of the credibility of the witnesses. These witnesses were before them, and they had far better opportunities than we can have to determine the credit to which they were severally entitled, and we do not feel authorized to interfere. The circumstances that appellee and his son were confessedly in the employ of, or did work and performed services for the appellant, the father for nearly two years, the son for nearly a year, without any knowledge on the part of the appellee or appellant what share appellee was to receive for such labor, or whether or not the business in which they were engaged was profitable, and no showing by statement or otherwise as to the profits of the business done, or if unprofitable to what extent, or for what reason or cause it so became unprofitable—these circumstances go far to corroborate appellee's claim. And having determined as to the question of partnership, in favor of the appellee, that special method of payment for the service rendered was cut out of the case, as the jury were warranted in finding. The evidence would have justified a much larger verdict.

Upon the whole, we think the evidence is sufficient to support the verdict and judgment of the Circuit Court, and it is, therefore, affirmed.

*Judgment affirmed.*